# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIHEIM JABRIL MILLER, | No. 4:21-CV-00626 |
| Petitioner, | (Judge Brann) |
| v. | |
| PENNSYLVANIA PAROLE BOARD, | |
| Respondent. | |

## MEMORANDUM OPINION

### JUNE 24, 2021

Presently before the Court is Petitioner Niheim Jabril Miller's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, challenging a February 14, 2018 decision of the Pennsylvania Board of Probation and Parole to recommit him as a technical parole violator.[1] For relief, Petitioner seeks "to be released from the P.A. D.O.C on parole."[2] On June 3, 2021, Respondent filed an answer to the petition, indicating that Petitioner was granted parole on May 13, 2021 and is scheduled to be placed in a community corrections center on June 23, 2021.[3] For the reasons that follow, the Court will dismiss the petition for writ of habeas as moot.

---

[1] Doc. 1.
[2] *Id*.
[3] Doc. 9-4.

I.  BACKGROUND

Petitioner was housed in the Pennsylvania Department of Corrections after being convicted and sentenced on Robbery, Burglary, Criminal Trespass, Drug and Firearm Charges.[4]  On November 21, 2016, Petitioner was released on parole.[5]

On March 3, 2017, Petitioner was detained for technical parole violations and a decision on revocation was held in abeyance pending completion of programming.[6]  On April 24, 2017, Petitioner was recommitted as a technical parole violator after being unsuccessfully discharged from Gateway Braddock.[7]  On August 16, 2017, Petitioner was released on parole.[8]

On December 29, 2017, Petitioner was arrested for drug related parole violations.[9]  On January 4, 2018, Petitioner admitted that he violated the conditions of his parole by using drugs and associating with persons using or selling drugs.[10]  On February 14, 2018, Petitioner was recommitted as a technical parole violator.[11]

On June 22, 2018, the Board was advised that Petitioner committed a disciplinary infraction involving a controlled substance.[12]  On July 23, 2018, the

---

[4]  Doc. 9-1 at 2, Sentence Status Summary.
[5]  Doc. 9-1 at 8, Order to Release on Parole.
[6]  Doc. 9-1 at 10, Administrative Action.
[7]  Doc. 9-1 at 12, Notice of Board Decision.
[8]  Doc. 9-1 at15, Order to Release on Parole.
[9]  Doc. 9-2 at 2, Technical Violation Arrest Report.
[10]  Doc. 9-2 at 8, Waiver of Violation Hearing and Counsel/Admission Form.
[11]  Doc. 9-2 at 11, Notice of Board Decision.
[12]  Doc. 9-2 at 15, PV Center Matters Cover Sheet.

Board rescinded the reparole portion of the February 14, 2018 recommitment decision.[13] On April 3, 2019, Petitioner was granted parole.[14]

On July 10, 2019, the Board was advised that Petitioner committed a disciplinary infraction involving a controlled substance.[15] On August 5, 2019, the Board rescinded the April 3, 2019 parole grant.[16]

On August 17, 2020, Petitioner was refused parole.[17]

On December 20, 2020, the Board denied Petitioner's administrative challenges to the February 14, 2018 and July 23, 2018 decisions.[18] Petitioner challenged the Board's December 20, 2020 decision by filing a petition for review in the appellate jurisdiction of the Commonwealth Court of Pennsylvania.[19] His petition for review remains pending.

On May 13, 2021, Petitioner was granted parole.[20] Petitioner is scheduled for release on June 23, 2021.[21]

## II. DISCUSSION

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 may be brought by "a person in custody pursuant of a State court only on the ground that

---

[13] Doc. 9-3 at 2, Notice of Board Decision.
[14] Doc. 9-3 at 4, Notice of Board Decision.
[15] Doc. 9-3 at 8, Memorandum.
[16] Doc. 9-3 at 16, Notice of Board Decision.
[17] Doc. 9-3 at 18, Notice of Board Decision.
[18] Doc. 9-4 at 2, Decision.
[19] Doc. 9-4 at 6, Notice of Filing Petition for Review.
[20] Doc. 9-4 at 10, Notice of Board Decision.
[21] Doc. 9-4 at 14, Community Corrections Referral.

he is in custody in violation of the Constitution or laws or treaties of the United States."²² Moreover, Article III of the Constitution provides that the "judicial power shall extend to ... cases ... [and] to controversies."²³ Thus, federal courts are restricted to adjudicating "actual, ongoing cases or controversies."²⁴ "If developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."²⁵ Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims.²⁶ The petitioner bears the burden of demonstrating that collateral consequences exist to avoid having the case dismissed as moot.²⁷

As noted above, in his § 2254 petition, Petitioner requests that the Court grant him parole.²⁸ The Parole Board's grant of parole to Petitioner, therefore, renders his § 2254 petition moot unless he can demonstrate "continuing collateral consequences sufficient to meet Article III's 'case or controversy' or 'injury' requirement."²⁹ Collateral consequences refer to those "consequences with

---

²² 28 U.S.C. § 2254(a).
²³ U.S. Const. Art. III, § 2.
²⁴ *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001).
²⁵ *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 2001).
²⁶ *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (noting that "[m]ootness is a jurisdictional question").
²⁷ *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).
²⁸ Doc. 1.
²⁹ *Gilliam v. SCI Huntingdon*, 2018 WL 6492964, at *2.

4

negligible effects on a petitioner's physical liberty of movement."[30] While the Supreme Court will presume that "a wrongful criminal conviction has continuing collateral consequences,"[31] courts will not do so when the petitioner is challenging the denial of release on parole.[32] Thus, Petitioner "must demonstrate that he has suffered or is threatened with an actual injury ... that can be redressed by a favorable decision here."[33] Petitioner has not demonstrated that collateral consequences exist, such that his § 2254 petition should not be dismissed as moot. Thus, the instant petition will be dismissed as moot.[34]

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[35] "A petitioner satisfies this standard by demonstrating that

---

[30] *Virsnieks v. Smith*, 521 F.3d 707, 718 (3d Cir. 2008).
[31] *Spencer*, 523 U.S. at 8.
[32] *Id*. at 14.
[33] *Okereke v. United States*, 307 F.3d 117, 121 (3d Cir. 2002).
[34] Alternatively, had Petitioner not received the relief he requested, the petition for writ of habeas corpus would have been dismissed for Petitioner's failure to exhaust state court remedies, as his appeal of the Board's December 20, 2020 decision remains pending before the Commonwealth Court of Pennsylvania. *See Castille v. Peoples*, 489 U.S. 346 (1989) (finding that in order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of a federal habeas petition has been "fairly presented" to the state courts prior to filing a federal habeas corpus petition).
[35] *See* 28 U.S.C. § 2253(c)(2).

5

jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[36] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[37] In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

**IV. CONCLUSION**

For the reasons set forth above, Petitioner's § 2254 petition (Doc. 1) will be dismissed as moot. A COA will not issue. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[36] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).
[37] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).